IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:08CR00039 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| MAURICE RENALDO LEWIS, | ) | By: Norman K. Moon |
| | ) | United States District Judge |
| Defendant. | ) | |

Maurice Renaldo Lewis, proceeding *pro se*, filed this motion to vacate, set aside or correct the sentence under 28 U.S.C. § 2255. Lewis is challenging the validity of his confinement pursuant to the judgment of this court entered July 2, 2009, whereby he was convicted of conspiracy to distribute crack cocaine. Upon consideration of the § 2255 motion and the record, I conclude that the action must be summarily dismissed as untimely filed.[1]

**I.**

Lewis pleaded guilty, pursuant to a written plea agreement, to one count of possession with intent to distribute crack cocaine, in exchange for dismissal of other counts. Based in part on Lewis's criminal record, the court sentenced him to 220 months in prison. Lewis filed an appeal, but later filed a motion to dismiss, which was granted on October 22, 2009.

Lewis signed and dated this § 2255 motion on November 13, 2014, and the court received it on November 18. In his motion, Lewis alleges that counsel was ineffective at sentencing for failing to challenge his designation as a career offender, which caused him to be

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

wrongfully sentenced to a longer prison term.[2] Lewis also asserts that he should be resentenced in light of two recent decisions of the United States Supreme Court: *Alleyne v. United States*, __U..S.__, 133 S. Ct. 2151 (June 17, 2013), and *Descamps v. United States*, __U.S.__, 133 S. Ct. 2276 (June 20, 2013).

The court filed the § 2255 motion conditionally, notified Lewis that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. The court specifically advised the defendant that failure to provide such information would result in dismissal of the action as untimely. Lewis has responded, making the matter ripe for consideration.

## II.

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

>  (1)  the date on which the judgment of conviction becomes final;
>
>  (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>  (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). If the district court gives the defendant notice and an opportunity to provide any argument or evidence regarding timeliness, and the defendant fails to make the

---

[2] This ineffective assistance claim is contradicted by the record. The sentencing transcript indicates that defense counsel objected to the career offender designation on substantially similar grounds to those that Lewis now asserts. The fact that I ruled against Lewis on this issue does not prove that counsel's representation was ineffective.

2

requisite showing, the district court may summarily dismiss the motion. *Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Lewis's § 2255 motion is clearly untimely under § 2255(f)(1). As stated, judgment was entered against Lewis on July 2, 2009. His conviction became final on October 22, 2009, when the United States Court of Appeals for the Fourth Circuit dismissed his appeal. He then had one year–until October 22, 2010–in which to file a timely § 2255 motion. As he filed his § 2255 motion on November 13, 2014,[3] his motion is untimely under § 2255(f)(1). Lewis states no facts triggering calculation of his time limit under § 2255(f)(2), based on governmental impediment, or § 2255(f)(4), based on newly discovered facts.

Lewis argues that his claims should be deemed timely under § 2255(f)(3). Under this section, when a United States Supreme Court decision recognizes a new constitutional right, defendants have one year from the date of the decision to assert a claim for relief under that new right if it applies retroactively to cases on collateral review. *See Dodd v. United States*, 545 U.S. 353, 358 (2005) (holding that one-year filing period in § 2255(f)(3) runs from the date on which the right asserted was initially recognized by Supreme Court even if right has not yet been made retroactively applicable to cases on collateral review). Lewis failed to meet the one-year requirement. Both the *Alleyne* decision and the *Descamps* decision were issued in June 2013.[4]

---

[3] A prisoner's 2255 motion is "filed" on the date he delivered the document to prison officials for mailing, rather than the date on which the district court received it. *United States v. Burl*, 81 F. App'x 443 (4th Cir. 2003) (per curiam).

[4] Lewis also argues that his § 2255 motion should be deemed timely and he should be resentenced, based on a Fourth Circuit decision, *Whiteside v. United States*, 748 F.3d 541 (4th Cir. April 8, 2014). Because *Whiteside* was neither a Supreme Court decision nor an opinion recognizing any new constitutional rights, it cannot have any bearing on the timeliness of this § 2255. In any event, the Fourth Circuit, *en banc*, reheard the *Whiteside* case and ruled that the defendant in that case was not entitled to resentencing based on case law decided after his conviction became final.

3

Lewis did not file his § 2255 motion until more than a year later, in November 2014. Therefore, his motion cannot be deemed timely under § 2255(f)(3).[5]

Finally, Lewis fails to state any facts warranting equitable tolling of the federal filing deadline. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (finding that equitable tolling requires showing of due diligence and "some extraordinary circumstance" that prevented timely filing). Accordingly, I conclude that Lewis's § 2255 motion must be summarily dismissed as untimely filed.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

**ENTER**: This __19th__ day of May, 2015.

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

---

[5] Even if Lewis had submitted his § 2255 motion within one year from the *Alleyne* and *Descamps* decisions, however, his petition would still be considered untimely. Lewis's conviction became final before these cases were decided.

In *Alleyne*, the Supreme Court held that any fact increasing the mandatory minimum penalty for an offense must be alleged in the indictment and proven beyond a reasonable doubt to a jury. 133 S. Ct. at 2156. However, that holding has not been made retroactively applicable to cases on collateral review. *See, e.g., United States v. Stewart*, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (noting that "*Alleyne* has not been made retroactively applicable to cases on collateral review"). Therefore, § 2255(f)(3) does not apply to render Lewis's claims timely under this decision.

The ruling in *Descamps* is not considered a new constitutional rule and also has not been made retroactively applicable to cases on collateral review. Therefore, § 2255(f)(3) does not apply to the claim under *Descamps*. *See, e.g., Ezell v. United States,* 778 F.3d 762, 765-66 (9th Cir. Jan. 23, 2015) (*Descamps* is not a new constitutional rule); *In re Jackson*, 776 F.3d 292, 296 (5th Cir. Jan. 8, 2015) (per curiam) (*Descamps* is not a new rule or retroactively applicable).

4