CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
05/08/2019
JULIA C. DUDLEY, CLERK
BY: /s/ J. Jones
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 3:08-cr-00039 |
| v. | MEMORANDUM OPINION |
| MAURICE LEWIS,<br>                   *Defendant.* | JUDGE NORMAN K. MOON |

Defendant Maurice Lewis ("Defendant") has filed a motion for reduction of sentence pursuant to the First Step Act of 2018. (Dkt. 112). The motion has been fully briefed and is ripe for review. For the following reasons, the Court will grant Defendant's motion.

An Indictment was filed against Defendant on October 8, 2008. (Dkt. 1). On March 19, 2009, he pled guilty to Count 1 of the Indictment, manufacturing or possessing with the intent to distribute and distributing a controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2. (Dkts. 40, 41, 42). Pursuant to 21 U.S.C. § 841(b)(1)(A), this offense triggered a ten year mandatory minimum sentence of imprisonment. Defendant later filed a motion to reduce his sentence pursuant to Amendment 750, but it was denied due to his career offender status. (Dkts. 83, 84, 85). Defendant then filed a motion to reduce sentence in light of *Hughes v. United States*, 138 S.Ct. 1675 (2018), (dkt. 106), which is currently pending before this Court. Defendant filed the instant motion pursuant to the newly enacted First Step Act in February 2019. (Dkt. 112).

Section 404 of the First Step Act of 2018 permits "a court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was

committed." Pub. L. No. 115-015, § 404, 132 Stat. 015, 015 (2018). A "covered offense" is defined as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010." *Id*.

Modifications of sentences under the First Step Act are governed by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." In determining if modification is appropriate, the Court will first address whether a reduction is consistent with the First Step Act, and will then "consider whether the authorized reduction is warranted, either in whole or in part, according to the facts set forth in § 3553(a)." *Dillon v. United States*, 560 U.S. 817, 826 (2010) [1]

The parties agree that Defendant's offense of conviction is a "covered offense" as defined by the First Step Act. The offense was committed before August 3, 2010 and the applicable penalties were modified by section 2 of the Fair Sentencing Act, which "reduced the statutory penalties for cocaine based offenses" in order to "alleviate the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016). As relevant in this case, section 2 of the Fair Sentencing Act increased the drug quantities necessary to trigger mandatory minimum sentences under 21 U.S.C. § 841(b)(1). Pub. L. No.

---

[1] Although subsection 3582(c)(1)(B) does not reference 3553(a) as do other 3582(c) subsections, that alone does not bar consideration of other factors. While the *Dillon* Court analyzed the procedures under § 3582(c)(2), the language quoted is reflected in § 3582(c)(1)(B). Additionally, this approach is mirrored by the Fourth Circuit's analysis under Rule 35(b), which allows the Court to "consider other sentencing factors . . . when deciding the extent of a reduction." *United States v. Davis*, 679 F.3d 190, 195 (4th Cir. 2012); *see also* United States Sentencing Commission, Office of Education and Sentencing Practice, *FIRST STEP Act*, https://www.ussc.gov/sites/default/files/pdf/training/newsletters/2019-special_FIRST-STEP-Act.pdf (last visited Feb. 11, 2019). ("[T]he courts should consider the guidelines and policy statements, along with the other 3553(a) factors, during the resentencing.").

111–220, 124 Stat. 2372 (2010). Specifically, the threshold requirement to trigger the mandatory minimum sentence of ten years under 21 U.S.C. § 841(b)(1)(A) was increased from 50 grams to 280 grams. *Id*.

Defendant's initial sentencing guideline range, taking into account a career offender enhancement pursuant to U.S.S.G. § 4B1.1, was 262–327 months' imprisonment. (Dkt. 111). The Court imposed a sentence of 220 months' imprisonment. (*Id.*). Under the First Step Act, Defendant's guideline range is 188 to 235 months, and a comparable variance would result in a sentence of 158 months. (*Id.*). This calculation assumes Defendant's designation as a career offender. At the time of his initial sentencing, Defendant qualified as a career offender under U.S.S.G. § 4B1.1 because he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. (Dkt. 110 at 5). One of the qualifying convictions was a North Carolina conviction for assault with a deadly weapon on a government official. (*Id.*). Pursuant to a recent Fourth Circuit case, *United States of America v. Simmons*, a North Carolina conviction for assault with a deadly weapon on a government official is not categorically a "crime of violence." 917 F.3d 312, 318 (4th Cir. 2019). Therefore, Defendant argues that if he was sentenced under current law he would not be designated as a career offender and his guideline sentence would be 70–87 months. (Dkt. 112 at 1).

The Court has been advised that Defendant's projected release date is December 26, 2025, and, as of February 5, 2019, he had served approximately 125 months of his sentence. (Dkt. 111). As of February 28, 2019, with full good time credit, Defendant had served the equivalent of a 147 months sentence. The Government does not dispute that Defendant is eligible for some relief pursuant to the First Step Act, but they disagree with Defendant regarding the terms of such relief. (Dkt. 122).

After consideration of the § 3553(a) factors as well as the parties' arguments, the Court determines that a reduction of Defendant's sentence to time served is appropriate. The Court does not reach the reconsideration of Defendant's career offender status, but does take into consideration the fact that, if Defendant was sentenced under current law, his sentence would be significantly lower. *See United States v. Newton*, No. 5:02-cr-30020, ECF No. 1463 at *6 (W.D.Va. March 1, 2019) (declining to reach the issue of whether the court could change a career offender designation in imposing a new sentence on a First Step Act motion because the court could take "into account the advisory nature of the Guidelines after *Booker* and the considerations set forth in 18 U.S.C. § 3553(a)"). Additionally, the Court considers Defendant's history and characteristics as reflected in his positive Bureau of Prisons record, his offer of employment, and his letters of support. (Dkt. 112 at 4–6). Defendant's sentence will be followed by a term of supervised release of 4 years. All other terms of the original sentence will remain the same.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to Defendant, all counsel of record, the United States Probation Office, and the United States Marshals Service, for delivery to the Bureau of Prisons.

Entered this 8th day of May 2019.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE